UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4204

JACQUE ALSUP,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-192-S)

Submitted: November 25, 1997

Decided: January 15, 1998

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, Michael D. DeMartin, Baltimore, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Christina
Manuelian, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jacque Alsup pled guilty to conspiracy to distribute and to possess with intent to distribute heroin. At his arraignment, due to Alsup's appearance, demeanor, and admissions, the district court directed that Alsup be given a breathalyzer and urinalysis before the court would accept the guilty plea. The tests revealed Alsup had a blood alcohol content of .08 and that he had marijuana in his system. Accordingly, the district court revoked Alsup's bail, ordered that he be taken into custody to "sober up" before entering his plea, and rescheduled the arraignment for the next morning.

Alsup entered his guilty plea the next morning pursuant to a plea agreement with the Government, which Alsup had signed the day before while under the influence of alcohol and marijuana. The plea agreement contained a stipulation of facts, which the court used as the basis for acceptance of the plea and drug quantity calculations. The district judge engaged in a comprehensive Fed. R. Crim. P. 11 colloquy and then accepted Alsup's guilty plea.

At sentencing two months later, Alsup requested to withdraw his plea because he alleged his attorney had incorrectly advised him that his criminal history category would be a level IV, rather than the level VI found by the probation officer. The district court denied Alsup's motion, reduced his criminal history category to level V, and sentenced Alsup to 168 months imprisonment. Alsup timely noted an appeal.

I

The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Withdrawal of a guilty plea is not a matter of right. See United States v. Hyde, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667); United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). Under Fed. R. Crim. P. 32(d), Alsup needed to provide the court a "fair and just reason" for withdrawal of his guilty

2

plea. The court evaluates the proffered reason in light of: (1) whether the plea was knowing and voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether the defendant had close assistance of effective counsel; (5) whether withdrawal would prejudice the government; and, (6) whether withdrawal would inconvenience the court or waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Alsup argued that he should have been allowed to withdraw his guilty plea because he did not have effective assistance of counsel in that his attorney failed to adequately prepare him for entrance of the guilty plea. Specifically, Alsup alleges his attorney should not have allowed him to sign the plea agreement while Alsup was under the influence of alcohol and marijuana. Alsup also contends his attorney was ineffective for erroneously advising him that his criminal history score would be level IV, when the probation officer found it to be level VI.

When the basis for a defendant's request to withdraw his plea is poor advice from his attorney, he must show that his attorney's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. See United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989). Counsel's erroneous advice regarding the sentence range is not a basis for withdrawal of plea where the defendant was made aware of sentencing uncertainty by the court. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (in banc).

The record indicates that Alsup's impairment was not discovered until he admitted in court that he had consumed two beers earlier that morning. The record also reflects that Alsup had accepted the terms of the Government's plea agreement on December 24, 1996, two weeks before he actually signed the agreement. In addition, prior to accepting the Government's offer, Alsup consulted with his trial attorney and a second attorney, who was brought in specifically to advise Alsup on whether to accept the agreement. Finally, the district judge conducted a very thorough Rule 11 hearing after Alsup "sobered up," reviewing the plea agreement with Alsup line-by-line. Thus, Alsup

3

failed to establish that his attorney's performance was objectively unreasonable. He also failed to establish a reasonable probability that he would not have pled guilty and accepted the plea agreement if his attorney had advised him against signing the agreement while Alsup was impaired.

Alsup's contention that his attorney was ineffective because he misled Alsup about his sentence by incorrectly estimating the criminal history score is also without merit. The district judge conducted a very thorough Rule 11 hearing and advised Alsup several times of the maximum penalty, that there was no agreement as to his criminal history, that the court was not bound by any agreement between the parties as to the sentence, and that no one could "give [Alsup] a binding prediction or promise as to exactly what sentence" Alsup would receive. In addition, the court advised Alsup that he would not be able to withdraw his guilty plea if the sentence were different from what he expected, and Alsup admitted that no one had made any promises or assurances on which he based his decision to plead guilty. Accordingly, the district court did not abuse its discretion in concluding that Alsup's proffered "fair and just reason" for withdrawing his guilty plea was inadequate.

II

Alsup argues that the district court erred when it accepted his guilty plea when the factual basis for the plea was stipulated by Alsup when he was impaired because of the alcohol and marijuana. This claim is without merit.

Rule 11(f), Fed. R. Crim. P., requires the court to make inquiry and satisfy itself that a factual basis exists for the plea. The district court may find a factual basis for the plea "from anything that appears on the record," and a signed statement of facts is sufficient. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). A stipulated factual statement was signed by Alsup and appended to the plea agreement. Although the agreement was signed while Alsup was impaired, the same factual statement had been accepted by Alsup two weeks earlier. Furthermore, during the Rule 11 colloquy, Alsup admitted that he conspired to distribute heroin in Baltimore and that he could foresee the amount involved as between three and ten kilo-

4

grams. He also admitted he knew his behavior was illegal and wrong. Therefore, the district court properly found a factual basis for the plea.

We affirm the district court's orders denying Alsup's motion to withdraw his guilty plea and entering judgment against him pursuant to a plea of guilty to conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED